UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE DUNNE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 18-cv-05484-DMR<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Pro se Plaintiff Shane Dunne filed a complaint against his former employer, the United States Department of Education ("the Department") alleging a single claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA"), based upon alleged violations of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The government now moves to dismiss the claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docket No. 19 (Mot.).] The court held a hearing on February 28, 2018. For the following reasons, the motion is granted with leave to amend the complaint.

## I.    BACKGROUND

Mr. Dunne worked in positions within the Department from November 1988 until April 2013. Compl. ¶ 6. During his employment, Mr. Dunne served as the president of the labor organization for the Department's San Francisco region, Local 3899 ("the Union"). *Id.* After the Department removed Mr. Dunne from his position in the federal service, he contested the removal action through the grievance procedure in the collective bargaining agreement between the Department and the Union's parent organization, AFGE Council 252. *Id.* at ¶ 6-7. After the Department denied Mr. Dunne's grievance, the Union invoked binding arbitration to appeal the denial. *Id.* at ¶ 7. Mr. Dunne alleges that the Department initiated his removal not based on his performance, but rather due to his "protected representational activities as an officer of the Union,

an incident of whistleblowing activity and other prohibited personnel practices." Compl. ¶ 7. He also alleges that the Department delayed scheduling his arbitration hearing for almost a year until March 5, 2014 and "frustrated the discovery process" by claiming that work done on Mr. Dunne's hard drive was unavailable. *Id.* at ¶ 8-9.

At the center of this case is what Mr. Dunne claims is a "critical item of evidence to support the Plaintiff's claim of unjust treatment in the evaluation of his performance." *Id*. at ¶ 10. According to Mr. Dunne, this "item was a report from the Agency's Postsecondary Education Participants System, listing the status of all outstanding 'program reviews' (open cases)" and including "program review from all of the Agency's regional offices [including] dozens of employees who shared the same position classification and duty responsibilities as the Plaintiff." *Id.* Mr. Dunne believes that "[t]he data in the report placed substantial doubt in the Agency's claim that its removal action was predicated on a legitimate standard of work performance, as it demonstrated how similar timeliness factors" existed among the cases assigned to his peers, yet no similar adverse personnel action was taken against them. *Id.*

Mr. Dunne alleges that the Union obtained the report in question without authorization through a union member with appropriate security privileges. *Id.* at ¶ 11. This member was promised that the report's origin would remain confidential. When the Union attempted to introduce the report at the hearing, they accompanied it with testimony from the president of AFGE Council 252. *Id.* On cross-examination, counsel for the Department asked the president about how she obtained the report and the president claimed that she found the report by a copy machine in order to protect the confidentiality of the member who obtained it. The Department objected to admission of the report and the objection was sustained. *Id.*

After the report was excluded by the arbitrator, Mr. Dunne sought to obtain the report himself to enter into evidence through authorized means. *Id*. at ¶ 12. On March 26, 2014, he submitted a FOIA request for the report to the Department. *Id.* On March 31, 2014, the Department responded to the FOIA request with a statement that the agency could neither confirm nor deny the existence of the requested information (i.e. a "*Glomar* statement"). *Id.* at ¶ 13. On April 20, 2014, Mr. Dunne appealed the denial of his FOIA request. *Id.* at ¶ 14. The arbitration

2

hearing on Mr. Dunne's removal concluded on April 24, 2014, without Mr. Dunne having obtained the report through his FOIA request. *Id.* at ¶ 15. On May 21, 2015, the Department denied Mr. Dunne's FOIA appeal which, according to Mr. Dunne, was "long after the requested information could have been used by the Plaintiff to rebut the Agency's removal action." *Id.* at ¶ 17. The arbitrator later denied Mr. Dunne's appeal of his removal on September 26, 2014. *Id.* at ¶ 15.

Mr. Dunne alleges that the Department "failed to notify the Plaintiff of its decision on the appeal within the 20 day period prescribed" in FOIA, 5 U.S.C. § 552(a)(6)(A)(ii). *Id.* Mr. Dunne also alleges that in the Department's denial of his FOIA appeal the agency "conceded its error in issuing a Glomar statement as a basis to deny the request" and instead asserted a different exception in the FOIA statute by classifying "the information as likely to jeopardize an ongoing law enforcement investigation." Compl. ¶ 18 (citing 5 U.S.C. § 552(b)(7)). Mr. Dunne contends that this second exception "was grossly incongruent with the type of information sought in the request" and that the Department "stated that the official responsible for making the decision was the FOIA officer – a circumstance that if true, contravenes [the Department's] policies and procedures for handling FOIA requests." *Id.*

Based upon these alleged violations of FOIA, Mr. Dunne submitted an FTCA claim to the Department on May 21, 2017. *Id.* at ¶ 19. The Department denied his FTCA claim on June 20, 2017 based on the statute of limitations[1] and "discretionary function" exception to the FTCA. *Id.* Mr. Dunne filed a request for reconsideration of his claim to the Department on December 19, 2017, and it reaffirmed its denial in a letter dated March 6, 2018. *Id.* at ¶ 20. On September 6, 2018, Mr. Dunne filed the instant complaint alleging that "defendant violated the law governing disclosures under the Freedom of Information Act." *Id.* at ¶ 21.

Mr. Dunne asserts that the Department "willfully violated the law with the intent of

---

[1] The statute of limitations for FTCA claims is "within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401. Dunne alleges that he filed his claim exactly two years after his FOIA appeal was denied. Compl. ¶¶ 17, 19.

3

injuring the Plaintiff's case in an appeal on the Agency's unlawful adverse action" which "unjustly terminated the Plaintiff's 24-year career with [the Department] as a Senior Institutional Review Specialist with a reputation for subject matter expertise and leadership in regulating the federal student aid programs." *Id.* at ¶ 22. He further alleges that these actions by the Department caused the loss of his "privileges of employment in a solid institution at a handsome salary close to $120,000.00 and other good benefits," which has "caused substantial harm to [his] physical and mental health." *Id.* Mr. Dunne seeks $300,000.00 in "economic relief for the injuries Defendant has caused through its acts and omissions." *Id.* He does not request any other form of relief. The government now moves to dismiss.

## II. LEGAL STANDARDS

The government moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

Pro se pleadings must be liberally construed and "held to less stringent standards than

4

formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation, "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

## III. DISCUSSION

The government moves pursuant to Rule 12(b)(1) to dismiss Mr. Dunne's claim for money damages under the FTCA based upon the department's alleged violations of FOIA. Mot. 2-4. The government argues that the court lacks subject matter jurisdiction over Mr. Dunne's claim because the FTCA does not waive the government's sovereign immunity for violations of FOIA. *Id.* at 2-3. It also argues that there is no subject matter jurisdiction over Mr. Dunne's claim because there are no money damages available under FOIA. *Id.* at 3-4.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). The FTCA provides a limited waiver of the government's sovereign immunity for certain torts committed by its employees:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . ."). The Supreme Court has interpreted "law of the place" to mean "law of the State," which is "the source of substantive liability under the FTCA." *Meyer*, 510 U.S. at 478. Therefore, plaintiffs may only sue the government for money damages under the FTCA if they can demonstrate that the laws of the state where the alleged injury occurred would recognize a cause of action in tort against a private individual for similar conduct. *Bolt v. United States*, 509 F.3d 1028, 1031 (9th Cir. 2007).

Violations of rights derived from the Constitution or federal statutes do not provide a basis for recovery under the FTCA. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001) ("liability under § 1986 arises from federal law, not state law and therefore cannot sustain a cause of action under the FTCA."); *Meyer*, 510 U.S. at 478 ("the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

Mr. Dunne appears to allege that employees of the Department harmed the appeal of his removal by preventing him from accessing a crucial report in violation of FOIA. He now seeks money damages for this alleged harm. However, Mr. Dunne cannot assert a claim under the FTCA for violations of FOIA, because any liability under the FTCA must arise from state and not federal law. *See Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (no waiver of sovereign immunity for claims where liability arises under federal rather than state law). FOIA is a federal statute with a federal right of action, so any liability would necessarily arise from federal law and not any state law. The FTCA cannot be used to obtain relief based upon violations of FOIA, so the government's sovereign immunity has not been waived in this circumstance. *See id*. (citing *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (en banc) ("[T]he FTCA was not intended to redress breaches of federal statutory duties.")). The court lacks subject matter jurisdiction over Mr. Dunne's claim.

Moreover, FOIA does not authorize claims for monetary relief. Under FOIA, "the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Although the FOIA statute explicitly creates a federal private right of action to sue for injunctive relief against a federal agency, the statute does not provide for a right to pursue monetary damages. *See* 5 U.S.C. § 552. The Ninth Circuit has recognized that monetary damages are not available under FOIA. *O'Toole v. I.R.S.*, 52 F. App'x 961, 962 (9th Cir. 2002) ("[Plaintiff] failed to state a valid FOIA claim because he requested only monetary damages in this action, and the statute does not authorize such relief."); *see also Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1116–17 (C.D. Cal. 1998) ("There is no provision under FOIA which provides for an award of money damages

6

for alleged wrongs by federal agencies.").

Although the government did not explicitly move to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), Mr. Dunne has in fact failed to state a FOIA claim because the only remedy he seeks is monetary relief. Mr. Dunne may not assert a claim for monetary damages for violations of FOIA because the statute authorizes only injunctive relief.

In summary, the allegations in the complaint are insufficient to invoke federal jurisdiction or to state a claim.[2] Mr. Dunne's sole claim for monetary damages due to violation of the FOIA is dismissed.

At the hearing, Mr. Dunne informed the court that he does not wish to amend the complaint to seek relief under FOIA to obtain the report at issue in this lawsuit. Instead, he requested leave to amend the complaint to plead a claim for misconduct under a different, unspecified provision of the FOIA statute. The court expresses no opinion about the viability of the claim proposed by Mr. Dunne. However, because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), Mr. Dunne is granted leave to amend his complaint.

//
//
//
//
//
//

---

[2] The government also briefly states that Mr. Dunne's claim is barred by the "discretionary function" exemption to the FTCA, 28 U.S.C. § 2680(a). *See* Mot. 3 (citing *Crumpton v. Stone*, 59 F.3d 1400, 1406 (D.C. Cir. 1995)). The government does not explain this argument in any detail. The court need not reach the merits of this argument, as it concludes that sovereign immunity bars Mr. Dunne's claim for money damages, and the complaint fails to state a claim under FOIA.

7

## IV. CONCLUSION

For the foregoing reasons, Mr. Dunne's complaint is dismissed. Any amended complaint must be filed by April 4, 2019.

The court refers Mr. Dunne to the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED.**

Dated: March 5, 2019



Donna M. Ryu
United States Magistrate Judge